**UNITED STATES DISTRICT COURT**  **EASTERN DISTRICT OF TEXAS**

DEANDRIA BLACKBURN, *Individually*   §
*and as Next Friend of G.B., a Minor Child*,  §
       §
      Plaintiff,       §
       §
*versus*       §   CIVIL ACTION NO. 1:23-CV-250
       §
       §
RIGHT WAY AUTO TRANSPORT, INC.,  §
JOHN ERIC DEPEW, and LASHAY   §
JAVON WHEELER,      §
       §
      Defendants.   §

## MEMORANDUM AND ORDER

Pending before the court is a Motion to Remand (#6) filed by Deandria Blackburn, Individually and as Next Friend of G.B., a Minor Child ("Plaintiff").[1] Defendant Right Way Auto Transport, Inc. ("Right Way") filed a Response (#9) on August 8, 2023. Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Plaintiff's motion should be denied.

I.   Background

Plaintiff originally filed suit in the 260th Judicial District Court of Orange County, Texas, on June 13, 2023. Plaintiff sued Right Way, John Eric Depew ("Depew"), and Lashay Javon Wheeler ("Wheeler"), relating to a motor vehicle collision that occurred on Wednesday, June 16,

---

[1] To the extent Plaintiff's counsel argues he did not promptly receive written notice of the Notice of Removal, the court finds this argument disingenuous. While counsel for Right Way relied on notice through electronic filing in filing the Notice of Removal, which was in error, counsel for Plaintiff concedes he received notice of the docketing of the state court petition in this action **on the same day**. This notice was sufficient to inform counsel for Plaintiff that the action had been removed. Furthermore, counsel for Plaintiff does not set forth any argument showing how Plaintiff was prejudiced by this error.

2021, at approximately 3:35 p.m. in a construction zone on the westbound lane of Interstate Highway 10 ("I-10") within the city limits of Orange, Orange County, Texas.  The following operative facts are taken from the Original Petition (#3):

> Defendant DEPEW was operating a red 2014 Peterbilt 388 tractor, with trailer in tow, in the inside lane of westbound I-10 when suddenly, and without warning, Defendant DEPEW failed to control the speed of the tractor-trailer and struck the rear of a white 2016 Freightliner Sprinter cargo van.

> The force of the impact caused the cargo van to be pushed into the rear of a red 2014 Ford F-150.

> Defendant DEPEW then drove the tractor-trailer to the outside lane, striking a grey 2017 Honda CR-V that was being driven by Defendant WHEELER.  The passengers inside the Honda CR-V included Plaintiff and her minor child, G.B.

> Next, Defendant WHEELER'S Honda CR-V moved to the inside lane and struck the Ford F-150.

> Following impact, local authorities from the Texas Department of Public Safety and emergency personnel from Acadian Ambulance Service arrived on the scene. When EMS personnel began providing treatment to Plaintiff, she advised them she was experiencing pain in her lower abdomen and that she was twenty (20) weeks pregnant.  In turn, Plaintiff and her minor child were immediately transported from the scene to the emergency room at Baptist Hospital's [sic] of Southeast Texas in Beaumont, TX.

> At all times in question, the 2014 Peterbilt 388 tractor was owned by Defendant RIGHT WAY and operated or otherwise under the control of Defendant DEPEW in the course and scope of his employment with Defendant RIGHT WAY and in furtherance of Defendant RIGHT WAY's business interests.

> Upon information and belief, the 2017 Honda CR-V was deemed a total loss due to the force of the impact.

> As a result of the actions and/or omissions of Defendants, Plaintiff and her minor child suffered serious bodily injuries and other damages, including Plaintiff's early delivery of her child, for which she sues.

Citations were issued for each defendant on June 14, 2023.[2] On June 30, 2023, Right Way filed a Notice of Removal, indicating Right Way was served on June 19, 2023.  At the time of filing the Notice of Removal, Right Way reported, as reflected on the state court docket, that Depew and Wheeler had not been served.  Right Way argues removal is proper as (1) the amount in controversy exceeds the jurisdictional minimum and (2) diversity of citizenship exists between Plaintiff (a citizen of Louisiana) and Right Way and Depew (both citizens of Maryland).  While Wheeler is also a citizen of Louisiana, Right Way argues Wheeler was improperly joined.

On July 7, 2023, Right Way filed an Answer to the Complaint (#4) and a Demand for a Jury Trial.  Plaintiff filed the pending Motion to Remand on July 28, 2023.  Depew then filed an Answer (#7), a Notice of Consent to Removal (#8), and a Demand for a Jury Trial, on August 8, 2023.  Right Way then filed a Response in Opposition to the Motion to Remand on the same day.  Wheeler has yet to make an appearance in this case.[3]  The motion is now ripe for review.

II.    Analysis

A.    Removal Jurisdiction

"Federal courts are courts of limited jurisdiction."  *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ___, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Cleartrac, L.L.C. v. Lanrick Contractors, L.L.C.*, 53 F.4th 361, 364 (5th Cir. 2022); *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 816 (5th Cir. 2021); *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir.

---

[2] In Plaintiff's Motion to Remand, Plaintiff states that Wheeler was served on June 15, 2023, and attaches as an exhibit the completed return.  The state court records attached to the Notice of Removal, however, do not contain a return of service for any of the defendants, let alone this return.

[3] Consent to or joinder in removal by Wheeler is unnecessary as an allegedly improperly joined defendant.  *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

2019).  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377; *accord Gonzalez*, 926 F.3d at 188. The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Gonzalez*, 926 F.3d at 188 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001)); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017).  In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 231-32 (2007); *Atkins v. CB&I, L.L.C.*, 991 F.3d 667, 669 n.1 (5th Cir. 2021); *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)); *accord Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018); *see* 13E CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2013). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Leboeuf v. Hatle,* No. 20-105, 2020 WL 1074952, at *1 (E.D. La. Mar. 6, 2020) (citing *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F.

Supp. 2d 376, 382 (S.D. Tex. 2008)); *accord Hernandez v. State Farm Lloyds*, No. DR-16-CV-164-AM/CW, 2017 WL 8131570, at *2 (W.D. Tex. Sept. 19, 2017); *Fort Worth & W. R.R. Co. v. Stevenson*, No. 3:15-CV-0906-B, 2015 WL 3867906, at *1 (N.D. Tex. June 22, 2015).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 395 (5th Cir. 2009).

"The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 307 (5th Cir. 2021); *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019); *Allen*, 907 F.3d at 183.  Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020); *Settlement Funding, L.L.C.*, 851 F.3d at 536; *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014); *Barker*, 713 F.3d at 212.  In short, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000)); *accord Allen*, 907 F.3d at 183; *Aftr. Methodist Episcopal Church*, 756 F.3d at 793.

B.      Diversity Jurisdiction

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332; *Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014).   In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of filing and the date of removal.  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004); *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019); *Ashford v. Aeroframe Servs., LLC*, 907 F.3d 385, 386-87 (5th Cir. 2018); *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016). In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *Exxon Mobil Corp.*, 545 U.S. at 552; *Lewis*, 519 U.S. at 68; *Moss*, 913 F.3d at 514; *Vaillancourt v. PNC Bank Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014).  "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Ashford*, 907 F.3d at 386-87 (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir.

1996)); *see Grupo Dataflux*, 541 U.S. at 570-71; *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  Furthermore, removal is appropriate only if none of the parties properly joined and served as a defendant is a citizen of the state in which the action was brought.  *Afr. Methodist Episcopal Church*, 756 F.3d at 793; *In re 1994 Exxon Chem. Fire*, 558 F.3d at 391; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing 28 U.S.C. § 1441(b)(2)).

      C.    <u>Improper Joinder</u>

In the case at bar, although there is no dispute that Plaintiff and Defendants Right Way and Depew are citizens of different states and that more than $75,000.00 is at issue, complete diversity may still be lacking because Plaintiff and Defendant Wheeler are citizens of Louisiana.  Therefore, to establish the existence of diversity jurisdiction, Plaintiff must show that Wheeler was improperly joined as a defendant to this action.  *See Miciotto v. Hobby Lobby Stores, Inc.*, No. 21-30456, 2022 WL 3210686, at *2 (5th Cir. Aug. 9, 2022) (citing *Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 514-15 (5th Cir. 2021)); *Afr. Methodist Episcopal Church*, 756 F.3d at 793; *Mumfrey*, 719 F.3d at 401; *In re 1994 Exxon Chem. Fire*, 558 F.3d at 384-85.  In determining whether a defendant was improperly joined, the "focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."  *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) (quoting *Hicks*, 12 F.4th at 515); *accord Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016); *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183-84 (5th Cir. 2005).  The removing party bears the heavy burden of proving that a non-diverse defendant has been fraudulently joined to defeat diversity, either by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to

establish a cause of action against the non-diverse party in state court.  *Ticer*, 20 F.4th at 1045; *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017); *accord Waste Mgmt. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020); *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 20170.  There is no difference between the terms "improper joinder" and "fraudulent joinder" in the context of removal jurisdiction.  *See Hoyt*, 927 F.3d at 303; *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir.), *cert. denied*, 544 U.S. 992 (2005).

A determination of improper joinder must be based on an analysis of the causes of action alleged in the petition at the time of filing and at the time of removal.  *Brown v. Wright Nat'l Flood Ins. Co.*, No. 20-30525, 2021 WL 2934730, at *4 (5th Cir. July 12, 2021) (explaining that "the plaintiff's pleading that is to be considered in determining the existence of diversity jurisdiction is the one that is operative 'at the time of . . . removal'" (quoting *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939))); *Lassberg v. Bank of Am., N.A.*, 660 F. App'x 262, 266 (5th Cir. 2016); *Borden*, 589 F.3d at 171.  Where the defendant maintains that federal jurisdiction is proper, the court must evaluate all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in favor of the nonremoving party.  *Afr. Methodist Episcopal Church*, 756 F.3d at 793; *Barker*, 713 F.3d at 212; *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).  Furthermore, the "court must normally assume all the facts as set forth by the plaintiff to be true."  *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984)); *accord Cuevas v. BAC Home Loan Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

While a court, when considering allegations of improper joinder, should refrain from pre-trying the case or conducting an evidentiary hearing, it may utilize a summary judgment-type procedure "that allows it to pierce the pleadings and examine affidavits and deposition testimony for evidence of fraud or the possibility that the plaintiff can state a claim under state law against a nondiverse defendant." *Jack v. Evonik Corp.*, 79 F.4th 547, 555 (5th Cir. 2023); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 311 (5th Cir. 2002); *accord Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 313-14 (5th Cir. 2015); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309-10 (5th Cir. 2005). "Post-removal filings may not be considered, however, when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 765 (W.D. Tex. 2019) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)); *accord Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). "[A]lthough the fraudulent joinder and Rule 12(b)(6) standards appear similar, the scope of the inquiry is different." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).

A district court should ordinarily resolve claims of improper joinder by conducting a Rule 12(b)(6)-type analysis. *Hicks*, 12 F.4th at 515; *McDonal*, 408 F.3d at 183 n.6; *see Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 205; *Afr. Methodist Episcopal Church*, 756 F.3d at 793 ("The federal court's inquiry into the reasonable basis for the plaintiff's state court recovery is a Rule 12(b)(6)-type analysis . . . ."); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005) ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)."); *Smallwood*, 385 F.3d at 573. If a plaintiff can survive a Rule 12(b)(6)-type challenge, there is

generally no improper joinder.  *Hicks*, 12 F.4th at 515 (quoting *Smallwood*, 385 F.3d at 573); *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 208; *Mumfrey*, 719 F.3d at 401; *Guillory*, 434 F.3d at 309.  Generally, the court should "limit itself to the contents of the pleadings, including the attachments thereto."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Nonetheless, the court may consider documents attached to a motion or an opposition to a motion when "the documents are referred to in the pleadings and are central to a plaintiff's claims."  *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

"That said, there are cases, hopefully few in number, in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."  *Jack*, 79 F.4th at 555; *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)); *accord Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 205; *Afr. Methodist Episcopal Church*, 756 F.3d at 793.  The summary inquiry is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Jack*, 79 F.4th at 555; *Smallwood*, 385 F.3d at 573-74.  The court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity.  *Id.* at 573; *see Wright v. ANR Pipeline Co.*, 652 F. App'x 268, 271 (5th Cir. 2016) (stating that the improper joinder "inquiry does not concern the merits"); *Gasch*, 491 F.3d at 284 ("[A] meritless claim against an in-state defendant is not the equivalent of improper joinder.").

In the instant case, because Right Way does not claim actual fraud in Plaintiff's recitation of jurisdictional facts, it must demonstrate that there is no possibility that Plaintiff could establish

a cause of action against Wheeler.  *See Hicks*, 12 F.4th at 515; *Foster*, 848 F.3d at 406; *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 205; *Afr. Methodist Episcopal Church*, 756 F.3d at 793; *Mumfrey*, 719 F.3d at 401.  In other words, the court should find improper joinder if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Alviar*, 854 F.3d at 289 (quoting *Smallwood*, 385 F.3d at 573 (rejecting all other phrasings)); *see Hicks*, 12 F.4th at 515; *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 205; *Mumfrey*, 719 F.3d at 401.  "Nevertheless, 'a mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder.'"  *Gonzales v. Bank of Am.*, 574 F. App'x 441, 443 (5th Cir. 2014) (quoting *Smallwood*, 385 F.3d at 573 n.9); *see Ayala v. Enerco Grp., Inc.*, 569 F. App'x 241, 245 (5th Cir. 2014); *Bukowski v. Liberty Ins. Corp.*, No. SA-22-CV-0272-JKP, 2022 WL 1625173, at *2 (W.D. Tex. May 20, 2022); *Grant v. Casas*, No. 5:21-CV-05-DAE, 2021 WL 2792431, at *2 (W.D. Tex. Mar. 4, 2021).  "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no [improper] joinder," and the case must be remanded for lack of diversity.  *Great Plains Tr. Co.*, 313 F.3d at 312 (quoting *Badon*, 236 F.3d at 286); *see Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 402 (5th Cir. 2004); *Smallwood*, 385 F.3d at 589-90; *Bukowski*, 2022 WL 1625173, at *3.  Additionally, if the court determines that "there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is equally dispositive of all defendants," then remand is also proper.  *Smallwood*, 385 F.3d at 576; *Gasch*, 491 F.3d at 283.

In assessing whether a plaintiff could possibly establish a claim against a non-diverse defendant, the court must apply the law of the state in which the action was brought—in this case,

Texas.  *See Travis*, 326 F.3d at 647; *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000).

"[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the

factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs*, 181

F.3d at 701; *see Burden*, 60 F.3d at 218-21; *Speiser v. AmGUARD Ins. Co.*, No. CV H-22-1595,

2022 WL 3349312, at *3 (S.D. Tex. Aug. 12, 2022).  The United States Court of Appeals for the

Fifth Circuit has held unequivocally that "[a] federal court must apply the federal pleading

standard" when determining whether a plaintiff has a reasonable basis for recovery under state

law.  *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 208; *see Waste Mgmt., Inc.*, 974 F.3d at

533.  Furthermore, the Fifth Circuit instructs that, in the absence of a decision to "pierce the

pleadings and conduct a summary inquiry," the court *must* conduct a Rule 12(b)(6)-type analysis.

*Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 207-08;  *accord Hicks*, 12 F.4th at 515; *Waste

Mgmt., Inc.*, 974 F.3d at 533.  Specifically, the court must consider whether the plaintiff has

pleaded "enough facts to state a claim to relief that is plausible on its face" against the in-state

defendant.  *Hicks*, 12 F.4th at 515 (quoting *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at

208); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Waste Mgmt., Inc.*, 974 F.3d

at 533.  If the plaintiff's claim does not survive the Rule 12(b)(6) inquiry, the court must dismiss

that party without prejudice as being improperly joined to defeat diversity jurisdiction.  *Int'l

Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 209; *Probasco v. Wal-Mart Stores Tex., L.L.C.*, 766

F. App'x 34, 36 (5th Cir. 2019); *Alviar*, 854 F.3d at 291; *Sam v. Wells Fargo Bank, N.A.*, No.

4:15-CV-03194, 2016 WL 3002359, at *5 (S.D. Tex. May 20, 2016).

Here, Plaintiff alleges that the defendants are jointly and severally liable for Plaintiff's

damages under the doctrines of negligent entrustment, *respondeat superior*, negligence, gross

negligence, negligence *per se*, and *res ipsa loquitur*.  As to Wheeler, Plaintiff alleges theories of

negligence, gross negligence, and *res ipsa loquitur*, specifically.  Under Texas law, a negligence

claim consists of four essential elements:

> (1) a legal duty owed to the plaintiff by the defendant;

> (2) a breach of that duty;

> (3) an actual injury to the plaintiff; and

> (4) a showing that the breach was the proximate cause of the injury.

*Eckhardt v. Qualitest Pharm., Inc.*, 751 F.3d 674, 681 (5th Cir. 2014) (quoting *Kroger Co. v.

Elwood*, 197 S.W.3d 793, 794 (Tex. 2006)); *see Molina v. Home Depot USA, Inc.*, 20 F.4th 166,

169 (5th Cir. 2021); *Milligan v. Home Depot USA, Inc.*, 809 F. App'x 217, 219 (5th Cir. 2020);

*Espinoza v. Cargill Meat Sols. Corp.*, 622 F.3d 432, 443 (5th Cir. 2010); *Elephant Ins. Co., LLC

v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022); *In re Oncor Elec. Delivery Co. LLC*, 630 S.W.3d

40, 43 (Tex. 2021).

The only specific factual allegations relating to Wheeler's involvement in the incident state

that Wheeler's Honda CR-V "moved" to the inside lane and struck the Ford F-150 after being

struck by the tractor-trailer driven by Depew.  Plaintiff then proceeds to allege that Wheeler failed

to use ordinary care while operating the Honda CR-V, failed to drive the Honda CR-V entirely

within a single lane in violation of Texas Transportation Code § 545.060, failed to keep a proper

lookout while operating the Honda CR-V, failed to maintain proper control of the Honda CR-V,

and failed to operate the Honda CR-V in accordance with the rules of the roadway established by

federal, state, and local law.  In response, Right Way argues that Plaintiff omits key facts that are

essential in determining the propriety of joinder and provides the dashboard video download of

the incident and the Texas Peace Officer's Crash Report relating to the incident in support of its argument of improper joinder.[4]   As a result, the court may, in its discretion, pierce the pleadings and consider the extrinsic evidence.  *Jack,* 79 F.4th at 555; *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 207; *Great Plains Tr. Co.*, 313 F.3d at 311; *accord Guillory*, 434 F.3d at 309-10; *Hornbuckle*, 385 F.3d at 542; *Travis*, 326 F.3d at 648-49.   "Certainly a court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 207.  The Fifth Circuit has cautioned, however, that "[w]hile the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, . . . a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Jack*, 79 F.4th at 555; *Smallwood*, 385 F.3d at 573; *accord Rosenbrock*, 2016 WL 2756589, at *16.   A court should only pierce the pleadings in "rare case[s]" where it is necessary to determine if there are any "discrete and undisputed facts that would preclude recovery from the non-diverse Defendant."  *Pitzen v. Woods*, No. 23-641, 2023 WL 3221969, at *3 (E.D. La. May 3, 2023); *Lott v. Dutchman*, 422 F. Supp. 2d 750, 755 (E.D. Tex. 2006); *accord Armstrong v. Atlas-Telecom Servs.-USA, Inc.*, 562 F. Supp. 2d 812, 817 (E.D. Tex. 2007).  This is just such a case.

Plaintiff argues that it is "common knowledge that a passenger involved in a collision in Texas has a right to file a claim against the driver of the vehicle and a third-party driver when there is a genuine dispute of facts."  Plaintiff contends there is a genuine dispute as to whether

---

[4] In the Notice of Removal, Right Way originally attached still picture frames taken from the video in support of its argument of improper joinder.

Wheeler's conduct caused and/or contributed to Plaintiff's injuries.  Plaintiff, however, omits key facts that preclude Plaintiff's recovery against Wheeler.  As shown in the video, Depew was traveling in the inside lane while Wheeler was driving in the outside lane.  The video corroborates that there were no vehicles traveling immediately in front of or behind Wheeler in the outside lane, but shows that Depew's tractor-trailer suddenly passed Wheeler and struck the rear of the vehicle traveling in front of him in the inside lane.[5]  The video confirms that Wheeler never left the outside lane until Depew maneuvered to the outside lane, striking the left rear panel of Wheeler's vehicle with the tractor-trailer.  It is this impact that caused Wheeler's vehicle to move and strike one of the vehicles in the inside lane.[6]  Based on this evidence, there is no reasonable basis for any fault being assigned to Wheeler as a result of her vehicle being struck by Depew, who was driving a tractor-trailer and apparently failed to control his speed, which propelled Wheeler's vehicle into the inside lane where it struck another vehicle.[7]  *Jack*, 79 F.4th at 556; *Alviar*, 854 F.3d at 289

---

[5] This vehicle then, in turn, struck the vehicle traveling two vehicles in front of Depew.

[6] This is the same vehicle that was traveling two vehicles in front of Depew.

[7] The Peace Officer's Crash Report describes the accident as follows: Depew (Units #1 & #2) was traveling westbound on I-10 behind two other vehicles whose drivers were unidentified (Units #3 & #4).  Wheeler (Unit #5) was driving in the outside lane.  "Unit #1 failed to control their speed and struck the rear of Unit #3.  Unit #3 was then pushed into the rear of Unit #4.  Unit #1 then moved to the outside lane striking Unit #5 which caused Unit #5 to turn and strike Unit #4 on the passenger side."  As a public record, the police report is "presumed to be trustworthy and admissible; therefore, it is the burden of the party opposing admission to demonstrate a lack of trustworthiness."  *Valentine v. Hodnett*, No. 5:14-CV-72, 2015 WL 12942069, at *3 (S.D. Tex. Sept. 16, 2015), *adopted by* 2016 WL 806877 (S.D. Tex. Mar. 2, 2016); *Bedford Internet Off. Space v. Travelers Ins. Casualty Co.*, 41 F. Supp. 3d 535, 544 (N.D. Tex. 2014); *Ochoa v. Progressive Pipeling Constr., L.L.C*, No. SA-13-CV-00122-FB, 2014 WL 12763124, at *2 (W.D. Tex. Sept. 12, 2014).  Plaintiff does not challenge the narrative provided in the report or what the video depicts.  Plaintiff, in fact, as previously stated, filed no reply to the response to the motion to remand.  In any event, the court need not rely on the report; the video is dispositive.  *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) (citing *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)) ("[A]lthough courts view evidence in the light most favorable to the nonmoving party, they give greater weight, even at the summary judgment stage to the facts evidenced from video recordings taken at the scene."); *accord Valderas v. Lubbock*, 937 F.3d 384, 388 (5th Cir.), *cert. denied*, 140 S. Ct. 454 (2019).

("[T]here is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant." (quoting *Smallwood*, 385 F.3d at 573 (rejecting all other phrasings))); *see Hicks*, 12 F.4th at 515; *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 205; *Mumfrey*, 719 F.3d at 401.  Plaintiff's pleadings and Motion to Remand omit these key facts, and Plaintiff also offers nothing in response to refute the video evidence.[8]  In offering the video, Right Way appears to concede the fault of its alleged agent Depew and rely on an admission against interest in its analysis of the evidence; Right Way, however, would seem to have no motive to fabricate or exaggerate its own alleged negligence.  The video directly contradicts any assertion that Wheeler breached a duty owed to Plaintiff.  Specifically, the video refutes Plaintiff's assertion that some action on Wheeler's part caused and/or contributed to the accident and/or Plaintiff's injuries and that of her minor child.  "A court . . . need not rely on the plaintiff's description of the facts where the record discredits that description but should instead consider 'the facts in the light depicted by the videotape.'" *Carnaby*, 636 F.3d at 187; *accord Rivens-Baker v. Riley*, No. H-22-2462, 2023 WL 6130550 at *3 (S.D. Tex. Sept. 19, 2023) (summary judgment context).

In light of Right Way's undisputed evidence that Wheeler did not act negligently after her car was suddenly struck in the left rear panel by a tractor-trailer, Right Way has demonstrated that Plaintiff has no possibility of recovery against Wheeler.  Right Way has carried its burden of

---

[8] According to Right Way, counsel for Plaintiff already has a copy of this video.  Plaintiff, in fact, attached a still picture from the video in her Original Petition (#3).  Notably, Wheeler has filed her own lawsuit against Right Way and Depew for injuries she sustained as a result of the same accident which is pending before the Honorable Michael J. Truncale. *Debbie P. Wheeler, Individually and a/n/f to J.W., a minor, and Lashay Javon Wheeler vs. Right Way Auto Transport, Inc. and John Eric Depew*, Civil Action No. 1:23-CV-234 (E.D. Tex.).

proving the improper joinder of Wheeler.  The remaining parties are diverse, and this court has diversity jurisdiction over the state law claims.  When a court has original subject matter jurisdiction over state law claims, the exercise of that jurisdiction is mandatory.  The parties cannot waive or agree to destroy that original jurisdiction.  *Cuevas*, 648 F.3d at 250 (citing *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 241 (5th Cir. 2009)).

III.    Conclusion

An evaluation of the relevant facts and controlling law reveals that this court has subject matter jurisdiction over this action.  Although no federal question is presented, complete diversity of citizenship exists between the parties as Wheeler was improperly joined as a defendant in this case, and the amount in controversy exceeds $75,000.00.  Therefore, this case was properly removed, and remand is not warranted.  Accordingly, Plaintiff's Motion to Remand (#6) is DENIED.

The CLERK OF COURT is instructed to RESTYLE this case and remove Wheeler as a named defendant.

SIGNED at Beaumont, Texas, this 29th day of December, 2023.

*Marcia A. Crone*
_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE