| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DEANDRIA BLACKBURN, §
§
    Plaintiff, §
§
*versus* §   CIVIL ACTION NO. 1:23-CV-250
§
RIGHT WAY TRANSPORT, INC., §
§
    Defendants. §

## MEMORANDUM AND ORDER

Pending before the court is a Motion for Summary Judgment filed by Defendants Right Way Auto Transport, Inc. ("Right Way") and John Eric Depew ("Depew") (collectively "Defendants") (#15). Plaintiff Deandria Blackburn ("Blackburn"), Individually and as Next Friend of G.B., a Minor Child ("Plaintiff") filed a Response on July 2, 2024 (#16). Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.    <u>Background</u>

Plaintiff originally filed suit in the 260th Judicial District of Orange County, Texas, on June 13, 2023. Plaintiff sued Right Way, Depew, and Lashay Javon Wheeler ("Wheeler"), in reference to a motor vehicle collision that occurred on Wednesday, June 16, 2021, at approximately 3:35 p.m. in a construction zone on the westbound lane of Interstate Highway 10 ("I-10") within the city limits of Orange, Orange County, Texas. The following operative facts are taken from the Original Petition (#3):

> Defendant DEPEW was operating a red 2014 Peterbilt 388 tractor, with trailer in tow, in the inside lane of westbound I-10 when suddenly, and without warning,

>Defendant DEPEW failed to control the speed of the tractor-trailer and struck the rear of a white 2016 Freightliner Sprinter cargo van.
>
>The force of the impact caused the cargo van to be pushed into the rear of a red 2014 Ford F-150.
>
>Defendant DEPEW then drove the tractor-trailer to the outside lane, striking a grey 2017 Honda CR-V that was being driven by Defendant WHEELER.  The passengers inside the Honda CR-V included Plaintiff and her minor child, G.B.
>
>Next, Defendant WHEELER'S Honda CR-V moved to the inside lane and struck the Ford F-150.
>
>Following impact, local authorities from the Texas Department of Public Safety and emergency personnel from Acadian Ambulance Service arrived on the scene. When EMS personnel began providing treatment to Plaintiff, she advised them she was experiencing pain in her lower abdomen and that she was twenty (20) weeks pregnant.  In turn, Plaintiff and her minor child were immediately transported from the scene to the emergency room at Baptist Hospital of Southeast Texas in Beaumont, TX.
>
>At all times in question, the 2014 Peterbilt 388 tractor was owned by Defendant RIGHT WAY and operated or otherwise under the control of Defendant DEPEW in the course and scope of his employment with Defendant RIGHT WAY and in furtherance of Defendant RIGHT WAY's business interests.
>
>Upon information and belief, the 2017 Honda CR-V was deemed a total loss due to the force of the impact.
>
>As a result of the actions and/or omissions of Defendants, Plaintiff and her minor child suffered serious bodily injuries and other damages, including Plaintiff's early delivery of her child, for which she sues.

Citations were issued for each defendant on June 14, 2023.  On June 30, 2023, Right Way filed a Notice of Removal (#1).  On July 7, 2023, Right Way filed an Answer to the Complaint and a Demand for a Jury Trial (#4).  On July 28, 2023, Plaintiff filed a Motion to Remand to State Court (#6).  Depew filed an Answer, a Notice of Consent to Removal, and a Demand for a Jury Trial on August 8, 2023 (#s 7, 8).  Right Way then filed a Response in Opposition to the Motion to Remand on the same day (#9).  On December 29, 2023, the court denied the Motion to

Remand, finding improper joinder, and instructed the case to be restyled removing Wheeler as a named defendant (#14).

Defendants move for complete summary judgment on all of Plaintiff's claims, arguing that based on the record, she cannot meet the necessary elements of her burden of proof and cannot establish that a genuine dispute of material fact exists with respect to her negligence claim. Defendants assert that Plaintiff failed to produce any evidence to support the element of damages as of the discovery deadline of June 1, 2024. Specifically, Defendants contend that Plaintiff has never produced the required Rule 26 Initial Disclosures, or any documents, for that matter. Blackburn responds to the motion for summary judgment, attaching business record affidavits from medical providers that provided care to Plaintiff following the accident at issue in this case. Plaintiff also argues she is entitled to give oral testimony on the physical, mental, and economic aspects of her damages, pointing to Defendants' Response in Opposition to Plaintiff's Motion to Remand as affirmation of their negligence in causing the accident at issue. Defendants did not file a reply.

II.   Analysis

   A.   Motion for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Union Pac. R.R. Co.*, 41 F.4th 696, 703 (5th Cir.), *cert. denied*, 143 S. Ct. 579 (2023); *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Anderson*, 9 F.4th 328, 331 (5th Cir. 2021); *Smith v. Harris County*, 956 F.3d 311, 316 (5th Cir. 2020); *Parrish*, 917 F.3d

369, 378 (5th Cir. 2019). The parties seeking summary judgment bear the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022); *Goldring v. United States*, 15 F.4th 639, 644-45 (5th Cir. 2021); *Playa Vista Conroe v. Ins. Co. of the W.*, 989 F.3d 411, 416-17 (5th Cir. 2021); *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019). To warrant judgment in their favor, the movants "must establish beyond peradventure *all* of the essential elements of the claim or defense." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (quoting *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017)); *accord Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011).

"A fact issue is 'material' if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)); *see MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Corp.*, 7 F.4th 315, 321 (5th Cir. 2021); *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020). "Factual disputes that are irrelevant or unnecessary will not be counted." *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *accord Valencia v. Davis*, 836 F. App'x 292, 296 (5th Cir. 2020); *see Dyer*, 964 F.3d at 379; *Parrish*, 917 F.3d at 378. "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Gerhart v. Barnes*, 724 F. App'x 316, 321 (5th Cir.

2018) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001)); *accord Johnson v. City of San Antonio*, No. 22-50196, 2023 WL 3019686, at *6 n.7 (5th Cir. Apr. 20, 2023); *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). Thus, a genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren*, 820 F.3d at 771; *accord MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021); *Dyer*, 964 F.3d at 379; *Tiblier*, 743 F.3d at 1007. The moving parties, however, "need not negate the elements of the nonmovant's case." *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)); *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014); *see Savoy v. Kroger Co.*, 848 F. App'x 158, 160 (5th Cir. 2021).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to demonstrate the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3; *see Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting FED. R. CIV. P. 56(e)); *Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 452 (5th Cir. 2023); *MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Clark v. CertainTeed Salaried Pension Plan*, 860 F. App'x 337, 340-41 (5th Cir. 2021); *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 410 (5th Cir. 2020). The court "should review the record as a whole." *Black v. Pan Am. Lab'ys, LLC*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); *see Hacienda Recs., L.P. v. Ramos*, 718 F. App'x 223, 234 (5th Cir. 2018); *City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014). All the evidence must be

construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility. *Reeves*, 530 U.S. at 150; *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022); *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021); *Lyons v. Katy Ind. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020). The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in her favor. *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (quoting *Anderson*, 477 U.S. at 255); *Seigler*, 30 F.4th at 476; *Batyukova*, 994 F.3d at 724; *Lyons*, 964 F.3d at 302. The evidence is construed "in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)); *accord Lexon Ins. Co., Inc.*, 7 F.4th at 321;*Geovera Specialty Ins. Co. v. Odoms*, 836 F. App'x 197, 200 (5th Cir. 2020) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

    B.    <u>Evidence of Damages</u>

Under Texas law, a negligence claim consists of four essential elements:

(1) a legal duty owed to the plaintiff by the defendant;

(2) a breach of that duty;

(3) an actual injury to the plaintiff; and

(4) a showing that the breach was the proximate cause of the injury.

*Eckhardt v. Qualitest Pharm., Inc.*, 751 F.3d 674, 681 (5th Cir. 2014) (quoting *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006)); *see Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 169 (5th Cir. 2021); *Milligan v. Home Depot USA, Inc.*, 809 F. App'x 217, 219 (5th Cir. 2020);

*Espinoza v. Cargill Meat Sols. Corp.*, 622 F.3d 432, 443 (5th Cir. 2010); *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022); *In re Oncor Elec. Delivery Co. LLC*, 630 S.W.3d 40, 43 (Tex. 2021).  Here, Defendants challenge only the element of damages.

At the outset, the court notes that Plaintiff does not contest Defendants' assertion that Plaintiff failed to produce the required Rule 26 Initial Disclosures or any other documents prior to the June 1, 2024, discovery deadline.  Interestingly, Defendants did not move to compel their disclosure or seek any assistance from this court regarding discovery prior to filing their motion for summary judgment.  Defendants also did not seek sanctions under Federal Rule of Civil Procedure 37(c).  In response to the motion for summary judgment, Plaintiff attaches business record affidavits from Acadian Ambulance Service, Baptist Hospital, Gemini Chiropractic & Rehab, Magnolia Diagnostics, and Xtreme Physical Therapy (#16-1 thru #16-5).  These records indicate that Plaintiff incurred over $20,000.00 in medical expenses.  While the court questions the admissibility of this evidence at trial given its late disclosure, Defendants have failed to file any objections to the evidence, move to strike the evidence, or offer any substantive reply to the response.  At this juncture, it would appear that Plaintiff has created a genuine dispute of material fact as to the element of damages, and summary judgment should be denied.

III.    Conclusion

Accordingly, Right Way and Depew's Motion for Summary Judgment (#15) is DENIED.

SIGNED at Beaumont, Texas, this 19th day of August, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE